UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TAYLOR S.,[1] <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of Social Security Administration, <br><br> Defendant. | Case No. 1:24-CV-00173-DKG <br><br> **MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her application for supplemental social security income. (Dkt. 1). The Court has reviewed the Complaint, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will affirm the Commissioner's decision.

# BACKGROUND

On June 10, 2021, Plaintiff protectively filed a Title XVI application for supplemental security income alleging disability beginning on January 1, 2014. The

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**MEMORANDUM DECISION AND ORDER - 1**

application was denied initially and on reconsideration.

A hearing was conducted on May 18, 2023, before Administrative Law Judge (ALJ) Susan G. Smith who issued an unfavorable decision on June 14, 2023. (AR 15-36). The Appeals Council denied review, making the ALJ's decision final. On April 3, 2024, Plaintiff timely filed the Complaint in this action seeking judicial review of the ALJ's decision. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

At the time of the alleged onset date, Plaintiff was twenty years of age. Plaintiff is a college graduate with no past relevant work. Plaintiff claims she is unable to work due to various physical and mental impairments.

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 10, 2021, the application date. (AR 17). At step two, the ALJ found Plaintiff had the following medically determinable, severe impairments: obesity, somatoform disorder, anxiety disorder, depressive disorder, and fibromyalgia. (AR 17).

**MEMORANDUM DECISION AND ORDER - 2**

The ALJ found also at step two, that there was no evidence of any medically determinable impairment related to any cardiac problem or arthritic condition, and the August 2022 abdominal pain episode was not a durational impairment or non-severe. The ALJ further concluded that Plaintiff's autism diagnosis is not supported by the record and is not medically determinable. (AR 18). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Appendix 1"). 20 C.F.R. §§ 416.920(d), 416.925 and 416.926. (AR 18).

The ALJ next found Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(b), with the following additional limitations:

> can frequently climb ramps and stairs, stoop, kneel, balance, crouch, and crawl; can never climb ladders, ropes, or scaffolds; can frequently handle and finger; must avoid concentrated exposure to vibrations; must avoid even moderate exposure to hazards including dangerous moving machinery, uneven terrain; can have occasional contact with coworkers, supervisors, and the general public; contact with the general public must be superficial in nature (e.g, no customer facing work); is limited to low stress work defined as no hourly or frequent production quotas and no assembly line work; cannot do team or tandem work; and cannot do driving jobs.

(AR 20). At step four, the ALJ determined that Plaintiff has no past relevant work. (AR 34). Relying upon testimony from the vocational expert, the ALJ found at step five that jobs exist in significant numbers in the national economy that Plaintiff can perform given her age, education, work experience, and RFC. (AR 34-35). Thus, the ALJ determined Plaintiff was not disabled. (AR 36).

**MEMORANDUM DECISION AND ORDER - 3**

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision, unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires more than a mere scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009). If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's finding. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

**MEMORANDUM DECISION AND ORDER - 4**

DISCUSSION

The sole issue raised on review is whether the ALJ erred in evaluating the medical opinion of Jason Southwick, Ph.D.

1. **Legal Standard**

Under the regulations governing an ALJ's evaluation of medical opinion evidence for claims filed on or after March 27, 2017, such as here, the ALJ evaluates the persuasiveness of the opinions based on several factors. 20 C.F.R. § 416.920c(a). These are: supportability, consistency, relationship to the claimant, specialization, and other factors. 20 C.F.R. § 416.920c(c)(1)-(5). The most important factors in the evaluation process are supportability and consistency. 20 C.F.R. § 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-792 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. (quoting 20 C.F.R. § 404.1520c(c)(2)). The ALJ is required to articulate how persuasive they find the evidence and explain how the supportability and consistency factors were considered. *Id*.; 20 C.F.R. § 416.920c(b)(2).

The ALJ may, but is not required to, explain how the other persuasive factors in paragraphs (c)(3) through (c)(5) were considered. 20 C.F.R. § 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same

issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how the other persuasive factors were considered. 20 C.F.R. § 416.920c(b)(3). The ALJ's persuasiveness determination must be supported by substantial evidence. *Woods*, 32 F.4th at 787.

2.   **Southwick's Opinion**

Southwick, a neuropsychologist, completed a psychological assessment dated June 17, 2022, wherein he concludes that Plaintiff meets diagnostic criteria for autism spectrum disorder. (AR 962-967). Southwick's assessment provides his behavioral observations and the results of five psychological tests he administered – Beck Depression Inventory-II; Beck Anxiety Inventory; Adaptive Behavior Assessment System-3 (Other Adult and Self-Report Form); Social Responsiveness Scale-2 (Other Adult and Self-Report Form); Post-Traumatic Checklist-5; and Personality Assessment Inventory. Notably, Southwick opined that "[w]ith respect to occupational disability, given the nature and severity of [Plaintiff's] neurodevelopmental condition, I would anticipate marked limitations across a wide range of work settings with respect to relating to others and adapting to change. Her reported physical limitations may factor into a disability determination as well." (AR 963).

3.   **ALJ's Decision**

The ALJ found Southwick's opinion that Plaintiff was markedly limited in mental activities of work to be unpersuasive. (AR 31). Plaintiff argues the ALJ improperly evaluated the supportability and consistency factors relevant to Southwick's opinion, and

**MEMORANDUM DECISION AND ORDER - 6**

that the ALJ's reasoning is not supported by substantial evidence. (Dkt. 15, 18). Defendant maintains the ALJ rationally assessed the persuasiveness of the medical opinions as required by the regulations. (Dkt. 17).

As to supportability, the ALJ stated that Southwick's opinion "is not supported by an acceptable diagnosis of autism spectrum disorder or his diagnosis was made contrary to the diagnoses of [other medical sources]." (AR 31). Plaintiff argues the ALJ failed to acknowledge that the referral for the psychological evaluation was made in the context of her other mental impairments and that the ALJ improperly focused on only autism in evaluating the opinion. (Dkt. 15 at 10). Plaintiff points out that Southwick conducted a clinical interview and administered objective mental status tests applicable to autism, depression, anxiety, post-traumatic stress, and somatic disorder. (AR 966-967).

The Court finds that the ALJ did not improperly focus or limit her evaluation of the opinion on autism. Plaintiff was referred to Southwick for evaluation because "[t]here is a question regarding autism spectrum disorder in the setting of established psychological-psychiatric diagnoses of depression, anxiety, premenstrual dysphoric disorder, and nightmare disorder. Psychological evaluation was requested in this context." (AR 962, 964). Southwick concluded that Plaintiff "meets diagnostic criteria for autism spectrum disorder." (AR 962). The ALJ appropriately discussed the opinion in the context of the referral and Southwick's conclusion relevant to autism.

Further, the ALJ's overall evaluation of the opinion was not limited to autism. Rather, the ALJ found unpersuasive Southwick's opinion "that Plaintiff was markedly

**MEMORANDUM DECISION AND ORDER - 7**

limited in mental activities of work….” (AR 31). The ALJ identified several bases for rejecting Southwick's opinion, including, that the opinion was inconsistent with other records reporting largely normal mental examinations; and with Plaintiff's academic achievement, independent living, and part-time work history. (AR 25, 30-31).

Plaintiff's argument that the ALJ erred in failing to appreciate the context of the referral for a psychological assessment included other mental impairments and improperly focused on autism is a mischaracterization of the ALJ's decision and evaluation of the opinion. Regardless, Plaintiff's countering interpretation of the opinion and the record is not a basis for remand. Where the evidence could be interpreted differently, or there are conflicts or ambiguity in the evidence, those matters are resolved by the ALJ. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999). The Court must uphold the ALJ's conclusion where, as here, the evidence is subject to more than one rational interpretation and the ALJ's decision is supported by substantial evidence. *Burch*, 400 F.3d at 679.

Plaintiff next argues the ALJ erred by discrediting the opinion because it was based on subjective self-reports. (Dkt. 15 at 12). If a provider's opinion is based to a large extent on a claimant's self-reports, and the ALJ finds the claimant's subjective symptom testimony to be inconsistent with other evidence in the record, the ALJ may find that provider's opinion unpersuasive. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, "the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Buck v. Berryhill*,

**MEMORANDUM DECISION AND ORDER - 8**

869 F.3d 1040, 1049 (9th Cir. 2017). This is so because "mental health professionals frequently rely on the combination of their observations and the patient's reports of symptoms..." *Ferrando v. Comm'r of Soc. Sec. Admin.*, 449 Fed. Appx. 610, 612 n.2 (9th Cir. 2011). Yet, a mental health practitioner's reliance on subjective reports can be a legitimate basis for the ALJ to discredit the opinion, if the ALJ provides legally sufficient reasons to discredit the claimant's testimony. *Gallant v. Saul*, 783 F. App'x 688, 691 (9th Cir. 2019) (finding discrediting a psychologist's opinion because it was largely based on the claimant's subjective reports and reports of the claimant's mother, without more, is not a legitimate reason for the ALJ to reject the opinion). "If a treating provider's opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Tommasetti*, 533 F.3d at 1041; *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005)); *Reeve v. Kijakazi*, 2023 U.S. App. LEXIS 29925, at *7, 2023 WL 7411537 (9th Cir. 2023) ("An ALJ may discount a [ ] provider's opinion if it is based to a large extent on a discredited applicant's self-reports and not on clinical evidence, but when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion.") (internal quotation marks omitted).

Here, the ALJ properly addressed the weight Southwick placed on the subjective reports, finding the opinion "overly reliant on subjective self-inventories or inventories of the mother for support rather than any objective deficits consistent with an autism

**MEMORANDUM DECISION AND ORDER - 9**

diagnosis." (AR 31) (emphasis added). The Court finds the ALJ did not err in evaluating Southwick's opinion in this regard. The ALJ's conclusion that the opinion was more heavily reliant on the discredited self-reports than on objective findings is reasonable. Southwick's evaluation contains a lengthy background section discussing Plaintiff's early development, traits, and daily functioning as reported by Plaintiff and her mother. (AR 964-966). The background section contains some discussion of records relevant to medical history, medications, diagnosis, education, and vocational rehabilitation. Still, Southwick's consideration of the records relied heavily on self-reporting. *See e.g.*, (AR 965) ("On <u>interview, [Plaintiff] reports</u> that her recurring nightmares began around the sixth grade," and "<u>she reports</u> that she does have best friend who lives in Nampa….") (emphasis added). The ALJ found the symptom statements of Plaintiff and her mother were unsupported by the record, which Plaintiff does not contest. (AR 21, 33-34).[2] In contrast, Southwick's discussion of the results from his objective testing is much shorter and more conclusory. (AR 966-967).

The ALJ's reasoning finding Southwick's diagnosis and opinion of Plaintiff's functional limitations to be unsupported by and inconsistent with the objective record is explained consistently throughout the decision. (AR 19, 25, 30, 31). When considering the written decision in its entirety, the Court finds the ALJ's rationale on this issue is easily discernable, well explained, and the conclusion reasonable. *See Molina v. Astrue*,

---

[2] Because Plaintiff does not contest the ALJ's finding in that regard, she has waived the same. (Dkt. 15, 18); *McKay v. Ingleson*, 558 F.3d 888, 891 n. 5 (9th Cir. 2009); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (same); *Carmickle*, 533 F.3d at 1161 n. 2.

**MEMORANDUM DECISION AND ORDER - 10**

674 F.3d 1104, 1121 (9th Cir. 2012) ("Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned."). For these reasons, the Court finds Southwick's over-reliance on self-reports of Plaintiff's symptoms rather than objective evidence was a proper basis upon which to find the opinion unpersuasive. (AR 31).

Even if the ALJ did err in discrediting Southwick's opinion because it was overly-reliant on self-reports, the error was harmless because the ALJ provided other legitimate bases for finding the opinion unpersuasive. *See Woods*, 32 F.4th at 792–93 (affirming the ALJ's rejection of a medical opinion based on an inconsistency finding alone); *Molina*, 674 F.3d at 1115 (an error is harmless where it is inconsequential to the determination and the decision remains valid and supported by substantial evidence); *Reed v. Saul*, 834 F. App'x 326, 329 (9th Cir. 2020) ("To the extent the ALJ erred in discounting the opinions of Dr. Cochran because her opinions were based in part on Reed's self-reports of his symptoms, that error is harmless because the ALJ offered multiple other specific and legitimate reasons for discounting Dr. Cochran's opinions."). Namely, that Southwick's opinion was not supported by an acceptable diagnosis of autism spectrum disorder; and by Southwick's own observations that Plaintiff was pleasant and cooperative, participated fully in the evaluation, achieved high academic success independently and without accommodations, and had normal conversational speech, language comprehension, thought processes, memory, insight, and judgment. (AR 25,

31). Further, the ALJ properly evaluated the consistency factor, discussed below, and provided a reasoned and supported explanation for finding the opinion unpersuasive.

As to consistency, the ALJ found Southwick's opinion inconsistent with Plaintiff's academic and independent living achievements prior to the alleged onset date; her history of part-time work; records of other treating providers showing no communicative difficulties or any signs of autism; records of Helen Napier, Ph.D, declining to diagnose Plaintiff with autism; and records of largely normal mental status examinations outside of episodic deficits in mood, affect, and thought content. (AR 31). Elsewhere in the decision, the ALJ observed that the record contained only limited support, at best, for Southwick's autism diagnosis, as no other treating source indicated such a diagnosis, and there was no record of Plaintiff being treated for autism. (AR 25-26, 30). The ALJ further observed that the communicative deficits found by Southwick are absent in the records of other treating sources. (AR 30). The ALJ's reasoning on these points is consistent throughout the decision – explaining that the records of other treatment providers do not support an autism diagnosis and the diagnosis is at odds with Plaintiff's academic and living achievements before the onset date. (AR 19, 25, 30-31).

The Court finds the ALJ's evaluation of the consistency factor is reasonable and supported by substantial evidence. The ALJ identified particular inconsistencies in Southwick's opinion and the ALJ's reasoning concerning these points is well explained throughout the written decision. (AR 19, 25, 30-31). The records Plaintiff argues were ignored and are contrary to the ALJ's decision were addressed by the ALJ. Indeed, the

ALJ's discussion of the opinion recognized the records of episodic deficits in mood, affect, and thought content in Dr. Napier's notes, and then explained that Plaintiff was "therefore found to be limited to the low contact, low stress, low danger, and driving prohibitive [RFC] defined above." (AR 31). Thus, the ALJ plainly considered all of the records and accounted for the limitations supported by the record when fashioning the RFC. (AR 20-31). Plaintiff's arguments to the contrary mischaracterize the ALJ's decision when viewed in its entirety and do not establish error.

In particular, Plaintiff contends the ALJ improperly reasoned that the opinion was inconsistent with activities performed prior to the alleged onset date, which she argues have "no bearing" on whether she is capable of performing those activities after the onset date. (Dkt. 15 at 13-14). The Court finds the ALJ did not err in considering evidence dated prior to the onset date.

While evidence that predates the alleged onset of disability may be of "limited relevance," *Carmickle*, 533 F.3d at 1165 (9th Cir. 2008), the ALJ is still required to "consider all medical opinion evidence" and "all evidence in [a claimant's] case record' in deciding whether they are disabled, *Tommasetti*, 533 F.3d at 1041; 20 C.F.R. §§ 416.920(a)(3), 416.920b. Evidence is not per se irrelevant merely because it predates the disability onset date, particularly where the nature of the disability does not involve a traumatic onset or discrete event. *Yanes v. Berryhill*, 2017 WL 4181086, at *3 (E.D. Cal. Sept. 20, 2017).

**MEMORANDUM DECISION AND ORDER - 13**

Here, the ALJ found the opinion inconsistent with Plaintiff's "unaccommodated/ unsupported academic and independent living achievements before the alleged onset date in light of the developmental nature of the condition and inconsistent with the claimant's albeit part-time work since." (AR 31). The ALJ discussed this pre-onset evidence throughout the decision, finding the records to be significantly at odds with the alleged severity and intensity of mental impairments. (AR 19, 25-26, 30-31). In so finding, the ALJ observed the absence of any subsequent records demonstrating Plaintiff's symptoms were worsening or that she received treatment.

The Court finds the ALJ properly considered the records of Plaintiff's academic success, independent living, and part-time work in making the disability determination. The records were relevant to the ALJ's consideration of Plaintiff's functional abilities and evaluation of Southwick's opinion. Plaintiff's ability to achieve high academic success without accommodations, to live independently, and to work part-time is evidence that her mental functional abilities are greater than opined by Southwick and alleged by Plaintiff. The ALJ rationally relied on these records, explaining there was no later evidence that Plaintiff's impairments were worsening or that Plaintiff sought treatment. (AR 19, 25-26, 31). Moreover, Southwick considered these same records of Plaintiff's independent living, academic achievements, and part-time work in his opinion. (AR 31, 962-967).

In sum, the Court finds that this is not a case where the ALJ improperly considered particular activities or limitations in isolation, or focused only on evidence unfavorable to

the claimant while ignoring other more favorable evidence. Rather, the ALJ's decision accurately discusses the record and provides a well-explained and rational bases for finding Southwick's opinion unpersuasive. Based on all of the foregoing reasons, the Court will uphold the ALJ's evaluation Southwick's opinion. The ALJ's conclusion finding the opinion unpersuasive was rational and supported by substantial evidence.

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, IT IS HEREBY ORDERED that the Commissioner's decision finding that the Plaintiff is not disabled within the meaning of the Social Security Act is **AFFIRMED** and the Complaint (Dkt. 1) is **DISMISSED**.

DATED: November 26, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 15**